IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TAYLOR PUBLISHING COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-CV-1473-SMY |
| ) | |
| JIM HAWKINSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court are Defendant's Motion to Compel Arbitration of Count II of the Second Amended Complaint and to Stay Proceedings (Doc. 45), and Plaintiff's Response (Doc. 49).

It is undisputed that Count II of Plaintiff's Second Amended Complaint should proceed in arbitration and that Counts I and III are non-arbitrable. The only disagreement is whether litigation with respect to Counts I and III should be stayed pending resolution of the arbitration of the Count II.

### Background[1]

Plaintiff Taylor Publishing Company[2] sells personalized graduation products across the country, including the state of Illinois. It employs independent sales representatives. Taylor alleges that Defendant Jim Hawkinson resigned from his position as a sales representative with Taylor in 2021 to compete against them, and in the process, violated the non-compete clauses of a Regional Representative Agreement ("Agreement") between the parties. The Agreement includes an arbitration provision, which provides in relevant part:

---

[1] All facts are taken from (Doc. 44).
[2] Taylor intermittingly refers to itself as "Balfour" (Doc. 44, p. 1).

> With sole exception of claims brought by [Plaintiff] to enforce its rights under paragraphs 26, 27, 30, 31, and/or 32 of this Agreement, any controversies or claims arising out of or relating to this Agreement or the breach thereof which the parties are unable to resolve shall be settled by arbitration before a single arbitrator and administered by the American Arbitration Association under its Commercial Arbitration Rules, and a judgement on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

(Doc. 44-1, ¶ 36(g)).

In this lawsuit, Taylor asserts three claims in the Second Amended Complaint (Doc. 44): Count I asserts material breach of "several provision of [Hawkinson's] contract with Taylor, including the non-competition provisions"; Count II asserts breach of settlement-of-commission-account provisions; and Count III asserts tortious interference with contractual relations. Hawkinson filed an Answer and Affirmative Defenses in which he asserts that, "Plaintiff's claims are barred, in whole or in part, by Plaintiff's material breach of its agreement with Hawkinson" (Doc. 46, p. 12).

## **Discussion**

"When faced with a motion to stay in a case involving arbitrable and nonarbitrable issues, a court must determine whether to stay the suit pending arbitration of the arbitrable issue or to allow the suit and the arbitration to move forward simultaneously." *WMS Gaming, Inc. v. IGT*, 31 F.Supp. 3d 974, 977 (N.D. Ill. 2014), quoting *IDS Life Insurance Co. v. SunAmerica, Inc.*, 103 F.3d 524, 529 (7th Cir. 1996). "The decision to stay the litigation of non-arbitrable claims or issues is a matter largely within the district court's discretion to control its docket." *Volkswagen of Am., Inc. v. Sud's of Peoria, Inc.,* 474 F.3d 966, 971 (7th Cir. 2007), quoting *American Recovery Corp. v, Computerized Thermal Imaging, Inc.*, 96 F.3d 88 (4th Cir. 1996). The court must weigh "the risk of inconsistent rulings, the extent to which parties will be bound by the arbitrators' decision,

and the prejudice that may result from delays." *Volkswagen,* 474 F.3d at 972, quoting *AgGrow Oils, L.L.C. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 242 F.3d 777, 783 (8th Cir. 2001).

The Court finds that a stay is necessary to avoid the risk of inconsistent rulings on relevant to Hawkinson's affirmative defense that Taylor first breached the Agreement by failing to pay commissions on Hawkinson on several accounts. A scenario where this Court finds that Taylor did not breach the Agreement but the arbitrator finds in Hawkinson's favor, or vice-versa, is not inconceivable. And while Taylor argues that even if Hawkinson proved Taylor first breached the Agreement, the "non-compete" clauses would still bind Hawkinson, the Court cannot make that determination as a matter of law at this juncture.

For the foregoing reasons, Defendant's motion is **GRANTED in Part**; Count II shall proceed in arbitration. All proceedings are **STAYED** pending conclusion of the arbitration. The parties shall provide the Court with a status update within 7 days after the issuance of the arbitrator's decision, or on June 29, 2023 if arbitration has not concluded by the date.

**IT IS SO ORDERED.**

**DATED: March 28, 2023**

**STACI M. YANDLE**
**United States District Judge**